UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08 CR 214 |
| | ) | |
| SANDRA MCGUIRE | ) | |

## OPINION and ORDER

Defendant Sandra McGuire is accused of laundering money for a drug trafficking operation. Specifically, the Government contends that McGuire worked with her nephew, Dwayne Crawford, to hide proceeds from Crawford's marijuana and cocaine operation by depositing cash proceeds from the operation in her bank account and then writing checks and purchasing money orders to pay for Crawford's personal expenses.

On November 1, 2012, the court accepted McGuire's plea of guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), a felony offense. (DE # 433.) McGuire has now moved to withdraw her plea of guilty. (DE # 579.) McGuire argues that her plea was not knowingly and voluntarily made because she did not know the "significant negative consequences" of her decision to plead guilty. (DE # 579 at 2.) Specifically, McGuire claims that she did not know that if she is adjudicated guilty of a felony offense, she will lose her job as a lieutenant firefighter for the City of Gary, Indiana, and the retirement pension that is attached to that position. (*Id.*) McGuire also suggests that she will have difficulty obtaining future employment with a felony record.

(*Id.*) McGuire contends that, had she known of these consequences, she never would have pleaded guilty. (*Id.* at 2-3.)

FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)(2)(B) states that a "defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . defendant can show a fair and just reason for requesting the withdrawal." The Seventh Circuit has held that the fact that a plea was not knowingly and voluntarily made constitutes a "fair and just reason" for withdrawal of a guilty plea. *United States v. Mays,* 593 F.3d 603, 607 (7th Cir. 2010).

However, for a plea of guilty to be knowingly and voluntarily made, the defendant need only be "fully aware of the *direct* consequences." *Brady v. United States,* 397 U.S. 742, 755 (1970) (emphasis added). Direct consequences are the "immediate, and automatic consequences" of the guilty plea. *United States v. Suter,* 755 F.2d 523, 525 (7th Cir. 1985). On the other hand, *collateral* consequences have "no effect whatsoever upon the length or nature of the . . . sentence." *United States v. Long,* 852 F.2d 975, 979 (7th Cir. 1988). A defendant is entitled to be informed of the direct, but not the collateral, consequences of his plea. *Suter,* 755 F.2d at 525. Thus, a district court must ensure that a defendant understands her maximum possible penalty and the fact that she is waiving her right to a trial, FED. R. CRIM. P. 11 (b)(1), but a plea is not deemed involuntary or unknowingly made simply because the defendant did not understand the possibility of charges being filed in other jurisdictions, *Long,* 852 F.2d at 979, or civil penalties resulting at a later time. *Suter,* 755 F.2d at 525.

Though the Seventh Circuit Court of Appeals has not ruled on whether a defendant's loss of employment, pensions, and the ability to easily obtain future employment qualify as direct consequences or collateral ones, other courts have addressed similar circumstances. For example, in *United States v. Crowley,* the Third Circuit rejected a defendant's argument that withdrawal of his guilty plea was justified because he did not know his conviction – a felony – would result in the loss of his job as a Pittsburgh fireman. 529 F.2d 1066, 1072 (3d Cir. 1976). Similarly, other courts have found that negative effects on a defendant's employment prospects and financial circumstances constituted collateral – not direct – consequences of a guilty plea. *United States v. Muhammad,* 747 F.3d 1234, 1240 (10th Cir. 2014) (difficulty obtaining credit, securing employment, and obtaining housing and federal financial aid); *United States v. Nicholson,* 676 F.3d 376, 382 (4th Cir. 2012) (loss of federal benefits); *United States v. Bruno,* No. 3:11-15, 2014 WL 2895415, at *14 (W.D. Pa. June 25, 2014) (loss of a pension).

The court finds these holdings to be well-reasoned and persuasive. Further, they are in line with previous Seventh Circuit precedent. As explained above, the Seventh Circuit has held that the possibility of further criminal charges was a collateral consequence, *Long,* 852 F.2d 975, 979, as well as the possibility of later civil penalties. *Suter,* 755 F.2d at 525. Additional criminal charges and civil penalties are serious consequences that significantly affect a person's life, yet the Seventh Circuit found that they were only collateral consequences because they were not "immediate, and automatic consequences" of the guilty plea, *Suter,* 755 F.2d at 525, and had "no effect

3

whatsoever upon the length or nature of the . . . sentence." *Long,* 852 F.2d at 979. Similarly, the loss of McGuire's employment, pension, and future employment opportunities is not an immediate and automatic consequence of pleading guilty, and it has no effect upon the length or nature of her sentence. Accordingly, the court adopts the reasoning of the decisions listed above, particularly the Third Circuit's decision in *Crowly,* 529 F.2d at 1072, and rejects McGuire's argument. Though McGuire may not have realized that pleading guilty would affect her job, pension, and ability to obtain future employment, her misunderstanding as to these collateral consequences does not render her plea involuntarily or unknowingly made. Accordingly, her motion (DE # 579) presents no "fair and just" reasons for withdrawal of the guilty plea and must be **DENIED**.

                              **SO ORDERED.**

    Date: August 6, 2014

                               s/ James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT

4